**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Edward Lee SULLIVAN, a.k.a. Three Stacks, Defendant–Appellant.**

**No. 16–10509**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

SEPTEMBER 29, 2017

Jonas Lerman, Assistant U.S., J. Douglas Wilson, Assistant U.S., DOJ–USAO, San Francisco, CA, for Plaintiff–Appellee.

John J. Jordan, Law Offices of John J. Jordan, San Francisco, CA, for Defendant–Appellant.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Edward Lee Sullivan appeals from the district court's judgment and challenges

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the 324–month sentence imposed upon remand for resentencing following his bench-trial conviction for production of child pornography, in violation of 18 U.S.C. § 2251(a); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sullivan contends that the district court erred by applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1. We review the district court's factual findings for clear error and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca–Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Sullivan's contention, the district court made sufficient factual findings to support the enhancement, including a finding that Sullivan willfully gave false testimony on a material matter at trial. *See United States v. Jimenez–Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2007) (discussing the required elements for an obstruction of justice enhancement); *see also* U.S.S.G. § 3C1.1 cmt. n.4(F) (enhancement is proper when defendant provides "materially false information to a judge").

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.